UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Michael Munene,**<br><br>  Plaintiff,<br><br>v.<br><br>**Orion Food Systems, LLC,**<br><br>  Defendant. | Case Number  1:23-cv-1135 |

## Complaint & Jury Demand

1. The Plaintiff, Michael Munene, sues Defendant, Orion Food Systems, LLC, pursuant to the Civil Rights Act of 1964 (Title VII) and 42 U.S.C. § 1981 for race discrimination and retaliation.

2. The Honorable Court has original jurisdiction pursuant to the Title VII and 42 U.S.C. § 1981.

3. The discriminatory actions occurred in Texas.

4. Plaintiff worked for Defendant in Texas.

5. Plaintiff was discharged in Texas.

6. Venue is appropriate in Austin, Texas pursuant 42 U.S.C. § 2000e-5(f)(3).

1

7. Defendant is headquartered in Sioux Falls, South Dakota.

8. Defendant employs over 15 employees.

9. Defendant conducts business in Texas.

10. Plaintiff is a black male originally from Kenya.

11. Plaintiff began working for Defendant in 2006.

12. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

13. Plaintiff filed his charge of discrimination with the EEOC within 300 days.

14. The EEOC issued a Notice of Right to Sue.

15. Plaintiff sues Defendant within 90 days of receiving the notice of right to sue.

16. Plaintiff was a remote worker, working from Leander, Texas.

17. Defendant paid Plaintiff in Leander, Texas.

18. Plaintiff's last position was Director of Operations.

19. Plaintiff had subordinate employees and his territory covered multiple states including Texas, New Mexico, Oklahoma and Louisiana.

20. In the 4th quarter of 2021, Plaintiff objected to instances of discrimination.

21. For example, one client reported to Plaintiff that they were uncomfortable with one of Defendant's trainers that described a new consultant as being an Indian (from the country of India). The client found this designation and the manner it was made to be discriminatory.

22. Accordingly, Plaintiff reported to Defendant that a specific trainer had engaged in conduct that ran afoul of EEO laws and rules.

23. In the first quarter of 2022, one of Defendant's clients met with Plaintiff and used derogatory language that was offensive.

24. Specifically, this client used the term "wetbacks" and the N word.

25. Plaintiff is originally from Kenya and is black.

26. Both terms used by the client were intended to be offensive towards minority groups.

27. Defendant was aware of this racially derogatory language used by one or more of its clients in front of its employee.

28. Defendant did not take any action to stop the racist language or correct the issue or provide support to Plaintiff about what he endured.

29. To add insult to injury, Plaintiff learned in late 2021 or early 2022 that one of his White subordinate employees was making more monies than he was.

30. Plaintiff reported to Defendant that he was earning less monies than his subordinate White employee and requested that Plaintiff's pay be adjusted accordingly.

31. Defendant terminated Plaintiff on or about March 22, 2022.

**Count I – Title VII Race Discrimination**

32. Plaintiff reincorporates paragraphs 1 through 31 as if fully stated herein.

33. Defendant treated Plaintiff differently because of his race.

34. Defendant paid Plaintiff less because of his race.

35. Defendant permitted its clients to speak in offensive racial terms.

36. Defendant is in violation of 29 C.F.R. § 1604.11(e).

37. The racial discrimination that Plaintiff endured changed the terms and conditions of Plaintiff's employment.

38. Defendant discharged Plaintiff in whole or in part because of his race.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, prejudgment interest, compensatory damages, punitive damages, if reinstatement is impossible front pay, attorney's fees, costs and any relief the Court deems appropriate.

**Count II – Title VII Retaliation**

39. Plaintiff reincorporates paragraphs 1 through 31 as if fully stated herein.

40. Defendant did not correct the fact that a White employee was earning more monies than a supervising black employee.

41. Defendant did not correct its own employees using racist language.

42. Defendant did not correct its clients that used racist language.

43. Rather, Defendant retaliated against Plaintiff.

44. Defendant terminated Plaintiff after 15 years of employment for having the audacity to object to racism in the workplace and reporting discrimination.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, prejudgment interest, compensatory damages, punitive damages, if reinstatement is impossible front pay, attorneys' fees, costs and any relief the Court deems appropriate.

**Count III – Section 1981 Discrimination**

45. Plaintiff reincorporates paragraphs 1 through 31 as if fully stated herein.

46. Defendant treated Plaintiff differently because of his race.

47. Defendant paid Plaintiff less because of his race.

48. Defendant permitted its clients to speak in offensive racial terms.

49. The racial discrimination that Plaintiff endured changed the terms and conditions of Plaintiff's employment.

50. Defendant discharged Plaintiff in whole or in part because of his race.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, prejudgment interest, compensatory damages, punitive damages, if reinstatement is impossible front pay, attorneys' fees, costs and any relief the Court deems just.

**Count II – Section Retaliation**

51. Plaintiff reincorporates paragraphs 1 through 31 as if fully stated herein.

52. Defendant did not correct the fact that a White employee was earning more monies than a supervising black employee.

53. Defendant did not correct its own employees using racist language.

54. Defendant did not correct its clients that used racist language.

55. Rather, Defendant retaliated against Plaintiff.

56. Defendant terminated Plaintiff after 15 years of employment for having the audacity to object to racism in the workplace and reporting discrimination.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, prejudgment interest, compensatory damages, punitive damages, if

reinstatement is impossible front pay, attorneys' fees, costs and any relief the Court deems appropriate.

Respectfully submitted this 21st day of September 2023,

                                        /s/ *Bernard R. Mazaheri*
                                        Bernard R. Mazaheri
                                        Texas Bar Number 24066628
                                        Mazaheri & Mazaheri
                                        P.O. Box 656
                                        Frankfort, Kentucky 40602
                                        Tel – (502) 475-8201
                                        Email – bernie@thelaborfirm.com